■ In the Matter of OSCAR CASILLAS, Appellant, v HARLEM VALLEY PSYCHIATRIC CENTER, Respondent.—In a proceeding for a retention order pursuant to Mental Hygiene Law § 9.33, the patient Oscar Casillas appears from an order of the Supreme Court, Dutchess County (King, J.), dated August 4, 1986, which, upon rehearing and review of an order of the County Court, Dutchess County (Hillery, J.), dated May 27,

1986, modified the determination that the patient Oscar Casillas be confined to the respondent Harlem Valley Psychiatric Center for a period not to exceed 12 months, to the extent that his custody was continued for a period not to exceed three months commencing July 24, 1986.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The three-month detention order in question expired, by its own terms, in October 1986. Thereafter, the patient Oscar Casillas signed a voluntary request for hospitalization. Thus, the instant appeal is moot because the rights and interests of the parties will not be directly affected by a determination on the merits *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *see also, Matter of Shelton,* 123 AD2d 637). Further, contrary to the appellants' contention, the issue presented at bar, i.e., whether psychiatrists are capable of predicting a particular individual's potential future dangerousness, is not "sufficiently substantial or novel to warrant [review]" *(Matter of David C.,* 69 NY2d 796, 798). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.